\IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO TERREL PEWITTE, ) | |
| ) | |
| Petitioner, ) | No. 3:20-cv-00010 |
| ) | |
| v. ) | JUDGE TRAUGER |
| ) | |
| WARDEN RUSSELL WASHBURN, ) | |
| ) | |
| Respondent ) | |

**MEMORANDUM AND ORDER**

The court denied habeas relief to the petitioner on December 21, 2020. This matter is before the court on the petitioner's Motion for Relief from Judgment and Motion for Relief Under Federal Rule of Appellate Procedure 4(b)(4), both of which are opposed by the respondent. (Doc. Nos. 18–20.) For the reasons explained below, both motions will be denied.

### I. RELIEF FROM JUDGMENT

Among other claims, the petitioner alleged in his habeas petition that trial counsel was ineffective for failing to present a plumbing expert at trial and that the prosecution's improper comments during closing argument violated his right to a fair trial. (*See* Doc. No. 16 at 5 (citing Doc. No. 1 at 17–18).) The court considered the petitioner's ineffective assistance claim and rejected it on the merits. (Doc. No. 16 at 17–24.) The court also considered and rejected the merits of the petitioner's claim that the prosecutor committed misconduct by arguing evidence outside the record regarding the nature of burn cases. (*Id.* at 25–28.)

The petitioner now seeks relief from judgment on those same claims pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. No. 18 at 2.) The petitioner specifically cites Rule

60(b)(1), but he does not allege any mistake, inadvertence, surprise, or excusable neglect underlying the judgment against him. (*See* Doc. No. 18 at 1.) He also does not allege that he is entitled to relief from judgment due to newly discovered evidence, fraud, voidness, or satisfaction. Accordingly, the court considers his motion to be brought under Rule 60(b)(6), based on "any other reason that justifies relief."

> A movant seeking relief pursuant to Rule 60(b)(6) faces an exceedingly high burden:
>
> Even stricter standards are routinely applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. Indeed, relief may be granted under Rule 60(b)(6) "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Id.* (citations and internal quotation marks omitted). "The 'something more' . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* (emphasis in original).

*Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). The petitioner does not allege any extraordinary or unusual circumstances in this case. He simply reargues his position on the two claims in question. (Doc. No. 18 at 3–5.) But Rule 60(b) does not authorize relief to a losing party who merely wants to "relitigate the merits" of unsubstantiated claims. *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. 2003); *see also Rowser v. Ohio*, No. 5:12CV0610, 2014 WL 4245948, at *3 (N.D. Ohio Aug. 26, 2014) ("Rule 60(b) does not provide another opportunity for [the plaintiff] to reargue claims that were considered on the merits and dismissed.").

Accordingly, the petitioner has not established any right to relief from judgment under Rule 60.

## II. TIME TO APPEAL

In the alternative, the petitioner seeks leave to file a late appeal under Rule 4 of the

Federal Rules of Appellate Procedure. (Doc. No. 19.) The petitioner asserts that his untimeliness in seeking to appeal the denial of relief in this case is due to facility lockdowns and the effects of the COVID-19 pandemic on prison operations, and he asserts that the respondent will not be prejudiced by a late appeal. (*Id.*) But he acknowledges that the court's final order denying all relief was entered on December 21, 2020, and that he "received the order on or about December 26, 2020." (*Id.* at 1.) The first mandatory prerequisite for reopening the time to file an appeal that has already passed is a finding that "the moving party did not receive notice . . . [of the] order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). The petitioner's timely receipt of the court's final order, therefore, forecloses any reopening of his appeal window by this court.

## III. CONCLUSION

The petitioner's motions (Doc. Nos. 18, 19) are therefore **DENIED**. Because all reasonable jurists would agree that the petitioner is not entitled to relief pursuant to Rule 60, the court **DENIES** a certificate of appealability (COA) from this order. *See United States v. Hardin*, 481 F.3d 924, 925 (6th Cir. 2007) (holding that a certificate of appealability is required before an appeal of the denial of Rule 60(b) motion can be heard). The petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

3

Case 3:20-cv-00010   Document 21   Filed 03/19/21   Page 3 of 3 PageID #: 1389